IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CLINTON WILLIAMS                                                    PLAINTIFF

VS.                                      CIVIL ACTION NO. 2:10-cv-205-KS-MTP

LIBERTY MUTUAL INSURANCE COMPANY
AND JOHN DOES 1-5                                                  DEFENDANTS

### STATE COURT FILE

COMES NOW the Defendant, Liberty Mutual Insurance Company, and files the

attached true and correct certified copy of the file maintained by the Circuit Clerk of

Greene County, Mississippi, regarding the above referenced matter.

This the 23rd day of August, 2010.

Respectfully submitted,

LIBERTY MUTUAL INSURANCE COMPANY

By: _____s/Ford Bailey_____
    Ford Bailey (MS Bar No. 1686)
    One of Its Attorneys

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
300 Concourse Blvd., Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
fbailey@wellsmar.com

<u>CERTIFICATE OF SERVICE</u>

I, Ford Bailey, do hereby certify that I have this day filed the foregoing with the

Clerk of the Court using the ECF system which sent notification of such filing to the

following:

S. Robert Hammond, Jr., Esq.
Post Office Box 471
Hattiesburg, MS  39403-0471

ATTORNEY FOR THE PLAINTIFF


This the 23rd day of August, 2010.


_____ *s/Ford Bailey* _____
Ford Bailey

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSISSIPPI


CLINTON WILLIAMS                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO. 2010-136(1)

LIBERTY MUTUAL INSURANCE COMPANY
AND JOHN DOES 1-5                                                 DEFENDANTS


<u>CERTIFICATE OF CLERK</u>

I, Cecelia Bounds, Circuit Clerk of Greene County, Mississippi, hereby certify

that the attached pleadings are a true and correct copy of the complete file contained

in the records of the Circuit Clerk of Greene County, Mississippi, in the above-styled

matter.

GIVEN under my hand and seal of office, this the 20th day of August ,

2010.


                                        _____
                                        CIRCUIT CLERK

(Seal)

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Rev 2009)

**Court Identification Docket #:** 21 CI
**Case Year:** 2010
**Docket Number:** 1136
**Local Docket ID**

County #: 21
Judicial District
Court ID (CH, CI, CO): CI

Month: 09  Date: 16  Year: 10
*This area to be completed by clerk*

Case Number if filed prior to 1/1/94

In the **CIRCUIT**  Court of  **GREENE**  County —  Judicial District

### Origin of Suit (Place an "X" in one box only)
[X] Initial Filing
[ ] Remanded
[ ] Reinstated
[ ] Reopened
[ ] Foreign Judgment Enrolled
[ ] Joining Suit/Action
[ ] Transfer from Other court
[ ] Appeal
[ ] Other

### Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

**Individual**
Last Name: Williams  First Name: Clint  Maiden Name, if applicable  M.I.  Jr/Sr/III/IV

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of
___ Check ( x ) if Individual Planitiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency

**Business**
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

**Address of Plaintiff**  1403 Lackey Street, Leakesville, MS
**Attorney (Name & Address)**  S. Robert Hammond, Jr., P.O. Box 471, Hattiesburg, MS 39403-0471  **MS Bar No.** 3004
___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing:

### Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

**Individual**
Last Name  First Name  Maiden Name, if applicable  M.I.  Jr/Sr/III/IV

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of
___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

**Business**  Liberty Mutual Insurance Company
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

**Attorney (Name & Address) - If Known**  **MS Bar No.**

### Damages Sought:
Compensatory $ 100,000  Punitive $ excess 75,000  Check ( x ) if child support is contemplated as an issue in this suit.*
75,000  *If checked, please submit completed Child Support Information Sheet with this Cover Sheet

### Nature of Suit (Place an "X" in one box only)

**Domestic Relations**
[ ] Child Custody/Visitation
[ ] Child Support
[ ] Contempt
[ ] Divorce:Fault
[ ] Divorce: Irreconcilable Diff.
[ ] Domestic Abuse
[ ] Emancipation
[ ] Modification
[ ] Paternity
[ ] Property Division
[ ] Separate Maintenance
[ ] Termination of Parental Rights
[ ] UIFSA (eff 7/1/97; formerly URESA)
[ ] Other

**Appeals**
[ ] Administrative Agency
[ ] County Court
[ ] Hardship Petition (Driver License)
[ ] Justice Court
[ ] MS Dept Employment Security
[ ] Worker's Compensation
[ ] Other

**Business/Commercial**
[ ] Accounting (Business)
[ ] Business Dissolution
[ ] Debt Collection
[ ] Employment
[ ] Foreign Judgment
[ ] Garnishment
[ ] Replevin
[ ] Other

**Probate**
[ ] Accounting (Probate)
[ ] Birth Certificate Correction
[ ] Commitment
[ ] Conservatorship
[ ] Guardianship
[ ] Heirship
[ ] Intestate Estate
[ ] Minor's Settlement
[ ] Muniment of Title
[ ] Name Change
[ ] Testate Estate
[ ] Will Contest
[ ] Other

**Children/Minors - Non-Domestic**
[ ] Adoption - Contested
[ ] Adoption - Uncontested
[ ] Consent to Abortion Minor
[ ] Removal of Minority
[ ] Other

**Civil Rights**
[ ] Elections
[ ] Expungement
[ ] Habeas Corpus
[ ] Post Conviction Relief/Prisoner
[ ] Other

**Contract**
[ ] Breach of Contract
[ ] Installment Contract
[ ] Insurance
[ ] Specific Performance
[ ] Other

**Statutes/Rules**
[ ] Bond Validation
[ ] Civil Forfeiture
[ ] Declaratory Judgment
[ ] Injunction or Restraining Order
[ ] Other

**Real Property**
[ ] Adverse Possession
[ ] Ejectment
[ ] Eminent Domain
[ ] Eviction
[ ] Judicial Foreclosure
[ ] Lien Assertion
[ ] Partition
[ ] Tax Sale: Confirm/Cancel
[ ] Title Boundary or Easement
[ ] Other

**Torts**
[X] Bad Faith
[ ] Fraud
[ ] Loss of Consortium
[ ] Malpractice - Legal
[ ] Malpractice - Medical
[ ] Mass Tort
[ ] Negligence - General
[ ] Negligence - Motor Vehicle
[ ] Product Liability
[ ] Subrogation
[ ] Wrongful Death
[ ] Other

# S. ROBERT HAMMOND, JR., P.L.L.C.
## ATTORNEY AT LAW

P.O. Box 471
711 Hardy Street
Hattiesburg, Mississippi 39403-0471

Telephone 601.450.4499
Facsimile 601.450.1162
bh@bobhammondlaw.com

**FILED**

JUL 16 2010

CECELIA BOUNDS, CIRCUIT CLERK
GREENE COUNTY, MISSISSIPPI
BY: _____

July 14, 2010

Ms. Cecelia Bounds
Greene County Circuit Court Clerk
P.O. Box 310
Leakesville, MS 39451

Re:   *Clinton Williams v. Liberty Mutual Insurance Company and John Does 1-5*

Dear Ms. Bounds:

Enclosed for docketing and filing in the above-captioned matter please find the following:

1.   Civil Cover Sheet;
2.   Complaint (original and one copy);
3.   Check for filing fees in the amount of $119.00; and,
4.   Original and three copies of Summons for Liberty Mutual Insurance Company.

Please issue the Summons returning the original and two copies and we will secure service of process. Also please return the copy of the Complaint file-stamped. We have enclosed a self-addressed, stamped envelope for the return of the documents.

Thank you for your assistance in this matter. With warm, personal regards, I remain

Sincerely yours,

S. Robert Hammond, Jr.

SRHjr/lc
Enclosures

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSISSIPPI

**FILED**

CLINTON WILLIAMS                                                           PLAINTIFF

JUL 16 2010

VERSUS                                                    CAUSE NO. 2010-136(1)

CECELIA BOUNDS, CIRCUIT CLERK
GREENE COUNTY, MISSISSIPPI

LIBERTY MUTUAL INSURANCE COMPANY
AND JOHN DOES 1-5                                                       DEFENDANTS

## COMPLAINT

### JURY TRIAL DEMANDED

COMES NOW the Plaintiff, Clinton Williams, and files this his Complaint for damages

against the Defendants Liberty Mutual Insurance Company and John Does 1-5 and states as follows:

1.

The Plaintiff, Clinton D. Williams, is an adult resident citizen of Leakesville, Greene County,

Mississippi.

2.

The Defendant, Liberty Mutual Insurance Company is an insurance company licensed to

conduct insurance business in the state of Mississippi and may be served with process through its

registered agent Charles A. Brewer, 506 South President Street, Jackson, MS 39201.

3.

John Does 1-5 are individuals and/or entities whose identities are currently unknown who

may be liable, in whole or in part, to the Plaintiff for the claims, causes of action and/or damages

alleged herein.

4.

This Court has both subject matter jurisdiction and personal jurisdiction over the parties, and

venue is proper in this Court pursuant to MISS. CODE ANN. § 11-11-3.

5.

On or about September 12, 2005, the Plaintiff, while in the employ of Steve Tanner, individually and/or d/b/a Steven Tanner Services (hereinafter collectively "Tanner"), was working at Pat Peck Motors in Gulfport, Harrison County, Mississippi when he fell over 15 feet from the roof of said facility, suffering severe injuries to both feet, as well as other injuries.

6.

Tanner was present when Mr. Williams' accident occurred, personally witnessed the severity of Mr. Williams' injuries and was put on notice of Mr. Williams' accident and injuries on September 12, 2005.

7.

At the time of Mr. Williams' on-the-job accident referenced herein, Tanner had a policy of insurance with Liberty Mutual Insurance Company ("Liberty Mutual") providing workers' compensation coverage for Mr. Williams.

8.

On or before September 23, 2005, Liberty Mutual was put on notice of the Mr. Williams' claim for workers' compensation benefits under Tanner's policy of insurance pursuant to the Mississippi Workers' Compensation Act.

9.

After over three (3) months passed since putting Tanner and Liberty Mutual on notice of his claim for workers' compensation benefits under the Liberty Mutual policy and not receiving any workers' compensation benefits as required by the Mississippi Workers' Compensation Act

2

("MWCA") from either Tanner or Liberty Mutual, Mr. Williams filed his Petition to Controvert with the Mississippi Workers' Compensation Commission on November 30, 2005.

10.

On January 25, 2006, Liberty Mutual filed its Answer to Mr. Williams' Petition to Controvert admitting that Mr. Williams suffered an injury as alleged in his Petition to Controvert, but specifically denying that it was subject to the MWCA, that it had coverage for Mr. Williams' claim, and moving to dismiss the Petition to Controvert against it.

11.

On March 21, 2006, Tanner filed his Answer to Mr. Williams' Petition to Controvert admitting that Mr. Williams suffered an injury as alleged in his Petition to Controvert, but denying he was the employer of the Plaintiff, denying that Mr. Williams' injury arose out of the course and scope of his employment with Tanner, denying that notice of Mr. Williams' injury was received and specifically stating that "Steven Tanner has no knowledge of the claimant's injury because claimant was not its employee" and "Claimant was not an employee of this employer".

12.

On or about May 17, 2006, Liberty Mutual and Tanner both admitted that Mr. Williams was indeed an employee of Tanner at the time of the accident at issue, that the accident occurred within the course and scope of Mr. Williams' employment with Tanner, that Tanner's policy with Liberty Mutual provided coverage for workers' compensation benefits owed to Mr. Williams for his injuries suffered on September 12, 2005, that it was responsible for paying Mr. Williams' medical expenses associated with the treatment he received as a result of the injuries, and that it was responsible for payment of temporary total disability payments to Mr. Williams from the date of his injury.

3

13.

On June 1, 2006, Liberty Mutual amended its answer to the Petition to Controvert and admitted Mr. Williams was an employee of Tanner, that Mr. Williams was injured in the course and scope of his employment with Tanner, that it was subject to the MWCA, and that its policy provided coverage for Mr. Williams' claim for workers' compensation benefits.

14.

From September 12, 2005 to May 17, 2006, both Liberty Mutual and Tanner each refused to pay Mr. Williams workers' compensation benefits he was rightfully owed under the MWCA, and which Liberty Mutual and Tanner have since admitted they owe the Plaintiff.

15.

On February 1, 2007, the Mississippi Workers Compensation Commission entered an Order holding that Tanner and Liberty Mutual owed Mr. Williams' workers compensation benefits under the MWCA, and also ordered that penalties and interest be paid to Mr. Williams from the due date of each installment of such benefits until paid.  To date, the Defendants have not paid any penalties and interest on the delinquent installment payments to Mr. Williams.

16.

On March 3, 2010, the Mississippi Workers' Compensation Commission entered an Order holding, among other findings, that Mr. Williams' injuries set forth herein were suffered in the course and scope of his employment and determined he was owed benefits by the Defendants under the Mississippi Workers' Compensation Act.  (*See* **Exhibit "A"** hereto).

4

17.

The Defendants refused to pay Mr. Williams' workers' compensation benefits he was owed under the MWCA without any justifiable reason, thus their conduct amounts to bad faith under Mississippi law. The Defendants' refusal to pay Mr. Williams' workers' compensation benefits pursuant to the MWCA was malicious, intentional, reckless and/or grossly negligent and undertaken with callous disregard of the rights of Mr. Williams and of their duties and obligations to Mr. Williams as provided by the MWCA.

18.

The Defendants have breached their duties and obligations to Mr. Williams as provided by the MWCA and per the terms and conditions of the policy of insurance at issue in the following ways:

a.   The Defendants negligently and intentionally failed to properly and timely handle, investigate, adjust and pay Mr. Williams' claims;

b.   The Defendants negligently and intentionally stalled and delayed the review and payment of Mr. Williams' claims;

c.   The Defendants failed to fully investigate the facts and circumstances of Mr. Williams' claim, including but not limited to the facts and circumstances of Mr. Williams' accident and his employment relationship with Tanner, thereby refusing to pay Mr. Williams' workers' compensation benefits he was owed under the MWCA for over eight (8) months;

d.   The Defendants utilized their position of superiority and influence over Mr. Williams by offering to pay Mr. Williams workers' compensation benefits they were legally

obligated to pay him under the Alabama Workers' Compensation Act if he agreed to "drop" his claims for benefits under the MWCA, his outrage claim in the Alabama action and his claims under Mississippi law in this action; and

e.   Other intentional and negligent acts regarding the handling of Mr. Williams claims for workers' compensation benefits that will be shown at trial.

### 19.

The acts and omissions of the Defendants set forth herein constitute a breach of their duty of good faith and fair dealing, fraud and negligent misrepresentation.

### 20.

The acts and omissions of the Defendants set forth herein were grossly negligent and indicate a reckless disregard for the rights of Mr. Williams as well as the Defendants' duties and obligations owed to Mr. Williams under the MWCA.

### 21.

The acts and omissions of the Defendants set forth herein constitute the separate and independent tort of bad faith, for which Mr. Williams is seeking extra-contractual damages, punitive damages and all other damages allowed by law.

### 22.

The acts and omissions of the Defendants set forth herein resulted in the prolonging of Mr. Williams' recovery time from the injuries he sustained in the accident at issue, causing him unnecessary pain and suffering for which recovery is sought in this action.

23.

The acts and omissions of the Defendants set forth herein caused Mr. Williams to suffer emotional distress, stress, anguish, worry, anxiety, inconvenience, embarrassment and other compensatory and consequential damages, for which recovery is sought in this cause.

WHEREFORE, PREMISES CONSIDERED, Clinton Williams request and demand judgment of and from the Defendants, Liberty Mutual Insurance Company and John Does 1-5, jointly and severally, for all actual and compensatory damages incurred, in an amount exceeding $75,000.00 excluding interest, costs and attorneys' fees, including but not limited to damages for pain and suffering due to the increase of his recovery time from his injuries due to the Defendants' failure to provide medical care and for emotional distress, stress, worry, anxiety, mental anguish, inconvenience and aggravation, for damages for the bad faith of the Defendants, including but not limited to all extra-contractual and punitive damages, and for any other damages allowable under the law, pre-judgment interest, post-judgment interest and all costs, including attorneys fees.  Mr. Williams further prays for any additional relief that may be allowable and recoverable at law or in equity, as well as any other relief the Court or a jury may deem appropriate.

RESPECTFULLY SUBMITTED, this the 14th day of July, 2010.

CLINTON WILLIAMS

By:_____
S. ROBERT HAMMOND, JR.

S. ROBERT HAMMOND, JR. (MSB #3004)
S. Robert Hammond, Jr., PLLC
P.O. Box 471
Hattiesburg, MS 39403-0471
601-450-4499
601-450-1162 (fax)

## MISSISSIPPI WORKERS' COMPENSATION COMMISSION

CLINTON D. WILLIAMS                                                      **CLAIMANT**

v.                                                      **MWCC NO.: 0512926-j-4126-C**

STEVEN TANNER SERVICES, INC                                     **EMPLOYER**
and M.W. ROGERS CONSTRUCTION
COMPANY, LLC

LIBERTY MUTUAL                                                      **CARRIER**

### <u>ORDER APPROVING SETTLEMENT</u>

THIS CAUSE having come on this day to be heard before the Commission on the Petition of Clinton Williams asking for authority to settle his workers' compensation claim under provisions of Section 9(i) of the Mississippi Workers' Compensation Law, said Petition having been joined and approved by Petitioner's attorney, S. Robert Hammond, Jr., Esq., and also joined and approved by Employer and Carrier, the Commission, after being fully advised in the premises, finds that Petitioner herein was on or about September 12, 2005, employed by Steven Tanner d/b/a Steven Tanner Services and that on or about said date, while in the course of his employment with Steven Tanner d/b/a Steven Tanner Services, while performing repairs at the Pat Peck Nissan in Biloxi, Mississippi, he sustained accidental injuries, including but not limited to injuries to both feet and a separation of his shoulder. The Commission further finds notice of the claim for the accidental injuries asserted by Petitioner was provided to Employer and Carrier in accordance with the requirements of the Mississippi Workers' Compensation Law.

The Commission further finds that Petitioner thereafter received professional services from Garden Park Medical Center, Mobile Infirmary Hospital, Dr. William Parks, Dr. Christopher Nichols, among others, and that it is the contention of the Petitioner that as a result of his employment with Employer, he sustained injuries, disabilities, loss of wage-earning



capacity and/or industrial loss. The Commission further finds that Petitioner reached maximum

medical improvement on December 10, 2007 with impairment rating of 18% to the right lower

extremity and 20% to the left lower extremity and claims of diminished earning capacity.

The Commission further finds Employer and Carrier have paid Fifteen Thousand Six

Hundred and Sixty-Six and 95/100 Dollars ($15,666.95) in compensation to Petitioner, and the

sum of Two Hundred Fifty-Five Thousand, Two Hundred Twenty-Two and 93/100 Dollars

($255,222.93) in medical compensation on behalf of Petitioner, for a total sum of Two Hundred

Seventy Thousand, Eight Hundred Eighty-Nine and 88/100 Dollars ($270,889.88).

The Commission further finds that the Petitioner represents and acknowledges that he has

not received any Medicaid benefits for his alleged injury and states specifically that any

Medicaid benefits which may have been paid on his behalf concern medical problems totally

unrelated to the injuries for which claim has been made herein.

The Commission finds that there is a bona fide, legitimate dispute between Petitioner and

his attorney on the one hand, and Employer and Carrier on the other hand, as to the Petitioner's

average weekly wage, the nature and extend of disability, loss of wage-earning capacity and/or

industrial loss, as a result of his job-related accidental injury, but notwithstanding these disputes,

Employer and Carrier have offered and proposed to pay to Petitioner the sum of One Hundred

Twenty-Eight Thousand, Two Hundred Ninety-Four and 00/100 Dollars ($128,294.00), which

amount includes funding of a self-administered Medicare Set-Aside in the amount of $41,885.00,

payment of said sum, is a complete and final settlement of any and all claims whether known or

unknown, and including, but not limited to, claims for medical which Petitioner may now or

hereafter have under provisions of the Mississippi Workers' Compensation Law arising out of or

in any way associated with his employment with Steven Tanner d/b/a Steven Tanner Services on

and prior to the date hereof, with the exception of Clinton Williams' claims of bad faith under Mississippi law and outrage under Alabama law against Liberty Mutual Insurance Company. It is the specific intent and agreement of the parties that any and all claims of Clinton Williams for bad faith under Mississippi law and for outrage under Alabama law are not released, are not part of this settlement, are not subject to any terms and conditions of this settlement and that Clinton Williams intends to continue pursuit of his claims for bad faith under Mississippi law and for outrage under Alabama law against Liberty Mutual Insurance Company.

The Commission further finds that S. Robert Hammond, Jr., Esq., attorney representing Petitioner, has recommended this be approved, and that Petitioner, himself, has asked that it be approved, and that based on the facts of this claim and considering the disputed nature of such facts, disputed amount of the Petitioner's average weekly wage and disputed disability respecting this claim, and also considering that Petitioner would nonetheless receive substantial benefits respecting this claim if the settlement be approved, the offered settlement as to work related injury claims is fair and reasonable under the circumstances. The Commission further finds that given the disputed and unliquidated nature of this claim, it would be to the Petitioner's best interest that he be authorized and empowered to make said settlement, that said settlement is just, fair, and proper, that said settlement payment would become a sum certain without discount, that the attorneys for the Petitioner have incurred expenses in the amount of $12,282.56 in the prosecution of this claim and should be reimbursed for these expenses incurred from the proceeds of this settlement, and that attorney's fees in the amount of $17,281.81, representing fees paid on one-half of the indemnity portion of the settlement, $86,409.00, at a rate of 15% pursuant to Alabama law and on one-half of the indemnity settlement at a rate of 25% pursuant to Mississippi law, of the sum to be received by Petitioner if this settlement be approved, agreed

to be paid to him is in accordance with the Mississippi Workers' Compensation Commission.  It is, therefore,

ORDERED AND ADJUDGED that Clinton Williams be, and he is hereby authorized and empowered to settle his claim against Steven Tanner d/b/a Steven Tanner Services, Employer and Liberty Mutual Insurance Company, Carrier, at and for the sum of One Hundred Twenty-Eight Thousand, Two Hundred Ninety-Four and 00/100 Dollars ($128,294.00), which includes a Medicare Set-Aside amount of Forty-One Thousand Eight Hundred Eighty Five and 00/100 Dollars ($41,885.00), said sum, complete and final settlement of any and all claims whether known or unknown, and including, but not limited to, claims for medical, that he may now or hereafter have under provisions of the Mississippi Workers' Compensation Law against Steven Tanner d/b/a Steven Tanner Services, Employer and Liberty Mutual Insurance Company, Carrier, and either of them because of or in any way connected with his employment with Steven Tanner d/b/a Steven Tanner Services on and prior to the date hereof, with the exception of Clinton Williams claims of bad faith under Mississippi law and outrage under Alabama law against Liberty Mutual Insurance Company, as it is the specific intent and agreement of the parties that any and all claims of Clinton Williams for bad faith under Mississippi law and for outrage under Alabama law are not released, are not part of this settlement, are not subject to any terms and conditions of this settlement and that Clinton Williams intends to continue pursuit of his claims for bad faith under Mississippi law and for outrage under Alabama law against Liberty Mutual Insurance Company, and that upon payment to Clinton Williams of the sum of One Hundred Twenty-Eight Thousand, Two Hundred Ninety-Four and 00/100 Dollars ($128,294.00), which includes a Medicare Set-Aside amount of Forty-One Thousand Eight Hundred Eighty Five and 00/100 Dollars ($41,885.00), Steven Tanner d/b/a Steven Tanner Services, Employer, and

Liberty Mutual Insurance Company, Carrier, shall stand forever fully discharged and acquitted of and from any and all claims including, but not limited to, claims for medical, that he may now or hereafter have against them jointly and severally because of or in any way connected with his employment with Steven Tanner d/b/a Steven Tanner Services on and prior to the date hereof, with the exception of Clinton Williams claims of bad faith under Mississippi law and outrage under Alabama law against Liberty Mutual Insurance Company, as it is the specific intent and agreement of the parties that any and all claims of Clinton Williams for bad faith under Mississippi law and for outrage under Alabama law are not released, are not part of this settlement, are not subject to any terms and conditions of this settlement and that Clinton Williams intends to continue pursuit of his claims for bad faith under Mississippi law and for outrage under Alabama law against Liberty Mutual Insurance Company and the same is hereby approved.

IT IS FURTHER ORDERED AND ADJUDGED that Petitioner is authorized to pay unto his attorneys the sum of $12,282.56 from the proceeds of the settlement remaining after the Medicare Set-Aside is funded, or $86,409.00, for expenses incurred in prosecuting this claim and is further authorized to pay his attorney, S. Robert Hammond, Jr., the sum of $17,281.81, out of the remaining proceeds from said settlement.

IT IS FURTHER ORDERED AND ADJUDGED that Petitioner is hereby authorized and empowered to execute any releases, receipts, and other instruments required by Employer and Carrier to evidence their complete release, acquittance, and discharge herein, with the exception of the Petitioner's claims for bad faith under Mississippi law and outrage under Alabama law against Liberty Mutual Insurance Company as described in more detail herein.

SO ORDERED AND ADJUDGED, this 3rd day of March, 2010.



ATTEST:

*Phyllis C. Clark*

**Phyllis C. Clark, Secretary**

MISSISSIPPI WORKERS' COMPENSATION
COMMISSION

BY: _____
COMMISSIONER

_____
COMMISSIONER

*Augustus L. Collins*
COMMISSIONER

MWCC NO. 101782

THIS ORDER PREPARED BY:

REGINA F. CASH
CARR, ALLISON, P.C.
Attorneys at Law
6251 Monroe Street Suite 200
Daphne, Alabama 36526
Telephone: (251) 626-9340
Facsimile: (251) 626-8928
Attorney for Employer and Carrier

AGREED AND APPROVED:

_____
Clinton Williams, Claimant

_____
S. Robert Hammond, Jr. (MSB #3004)
Attorney for Claimant

MISSISSIPPI WORKERS' COMPENSATION
COMMISSION

BY: _____
        COMMISSIONER

        _____
        COMMISSIONER

        _____
        COMMISSIONER

MWCC NO. 101782

THIS ORDER PREPARED BY:

REGINA F. CASH, Esq.
CARR, ALLISON, P.C.
Attorneys at Law
6251 Monroe Street Suite 200
Daphne, Alabama 36526
Telephone: (251) 626-9340
Facsimile: (251) 626-8928
Attorney for Employer and Carrier

AGREED AND APPROVED:

_____
Clinton Williams, Claimant

_____
S. Robert Hammond, Jr. (MSB #3004)
Attorney for Claimant

Page 6 of 6

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSISSIPPI

CLLINTON WILLIAMS                                                    **PLAINTIFF**

**VERSUS**                                              CAUSE NO. 2010-136(1)

LIBERTY MUTUAL INSURANCE COMPANY
And JOHN DOES 1-5                                              **DEFENDANTS**

                        **SUMMONS**
                        **(Process Server)**

THE STATE OF MISSISSIPPI

TO:   **LIBERTY MUTUAL INSURANCE COMPANY**      CECELIA BOUNDS, CIRCUIT CLERK
      **Through Its Agent of Process**                  GREENE COUNTY, MISSISSIPPI
      **Charles A. Brewer**                             BY: _____
      **506 South President Street**
      **Jackson, Mississippi 39201**

**F I L E D**
**AUG 0 3 2010**

NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint, to S. Robert Hammond, Jr., the attorney for the Plaintiff(s) whose address is Post Office Box 471, Hattiesburg, Mississippi, 39403-0471.

Your response must be mailed or delivered within thirty (30) days form the date of delivery of this Summons and Complaint or a Judgment by Default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the _16th_ day of July, 2010.

                        CECELIA BOUNDS, CLERK
                        CIRCUIT COURT OF GREENE COUNTY, MS
                        POST OFFICE BOX 310
                        LEAKESVILLE, MISSISSIPPI 39451

                        By: _Clarissa Helms_
                              DEPUTY CLERK

PROOF OF SERVICE – SUMMONS

(Process Server)

(Use Separate proof of service for each person served)

**Liberty Mutual Ins Co / C/o Danny Perry**
Name of Person or Entity Served

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE. By mailing (by first class mail, postage prepaid) copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

__✓__ PERSONAL SERVICE. I personally delivered copies to _Liberty Mutual Ins Co / C/o Danny Perry_ on the _22_ day of _July_, 2010, where I found said person in _Hinds_ county of the State of _MS_.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ county, _____. I served the summons and complaint on the _____ day of _____, 2010, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____(here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint and thereafter on the _____ day of _____, 2010, I mailed, (By first class mail, postage prepaid ) copies to the person served at his or her usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served.)

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____

Process server must list below: (Please print or type)

Name _Leigh M Lawler_

Address _408 Windsor Dr_

_Clinton MS 39056_

Telephone No. _601 925 9602_

STATE OF _MS_

COUNTY OF _Hinds_

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Leigh M Lawler_ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_Leigh M Lawler_
Process Server (signature)

Sworn to and subscribed before me this the _28th_ day of _July_, 2010.

(Seal)

_Rhonda Thompson_
NOTARY PUBLIC

MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES MARCH 21, 2011
BONDED THRU STEGALL NOTARY SERVICE

2

# S. ROBERT HAMMOND, JR., P.L.L.C.
## ATTORNEY AT LAW

P.O. Box 471
711 Hardy Street
Hattiesburg, Mississippi 39403-0471



Telephone 601.450.4499
Facsimile 601.450.1162
bh@bobhammondlaw.com

August 2, 2010

Ms. Cecelia Bounds
Greene County Circuit Court Clerk
P.O. Box 310
Leakesville, MS 39451

CECELIA BOUNDS, CIRCUIT CLERK
GREENE COUNTY, MISSISSIPPI
BY: _____

Re:   *Clinton Williams v. Liberty Mutual Insurance Company and John Does 1-5*
       In The Circuit Court of Greene County, Mississippi; Cause No. 2010-136(1)

Dear Ms. Bounds:

Enclosed for docketing and filing in the above-captioned matter please find an original Summons to Liberty Mutual Insurance Company reflecting service on July 22, 2010.

In addition, please file stamp the enclosed copy of the Summons and return it to us in the enclosed, self-addressed, stamped envelope.

Thank you for your assistance in this matter. With warm, personal regards, I remain

Sincerely yours,

S. Robert Hammond, Jr.

SRHjr/lc
Enclosures

# WELLS MARBLE

ATTORNEYS AT LAW

CLIFFORD K. "FORD" BAILEY III   T: 601.605.6912   F: 601.605.6901   fbailey@wellsmar.com

August 19, 2010

**FILED**

AUG 20 2010

CECELIA BOUNDS, CIRCUIT CLERK
GREENE COUNTY, MISSISSIPPI
BY: _____

Ms. Molly Simms, Deputy Clerk                         VIA FEDERAL EXPRESS
United States District Court
701 Main Street, Suite 200
Hattiesburg, MS 39401

     Re:   Removal of Clinton Williams v. Liberty Mutual Insurance Company and
             John Does 1-5 from the Circuit Court of Greene County, Mississippi

Dear Ms. Simms:

    Please find enclosed for filing the following documents in connection with the
removal of the above referenced matter:

    1.     Original Notice of Removal;
    2.     Original Civil Cover Sheet; and
    3.     Check for $350.00 in payment of the filing fee.

    By copy of this letter I am mailing a copy of the Notice to the Circuit Clerk of
Greene County and counsel for the Plaintiff.

    Thank you for your assistance.

    With kindest regards, I am

                       Very sincerely yours,

                       Ford Bailey

FB/sn
Enclosure
cc:   Ms. Cecelia Bounds
       Circuit Clerk, CA No. 2010-136(1)
       S. Robert Hammond, Jr., Esq.

P.O.Box 131 Jackson, MS 39205-0131 | 300 Concourse Boulevard, Suite 200 Ridgeland, MS 39157 T: 601.605.6900 F: 601.605.6901 www.wellsmar.com

WELLS MARBLE & HURST, PLLC

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Clinton Williams

## DEFENDANTS

Liberty Mutual Insurance Company and John Does 1-5

**(b)** County of Residence of First Listed Plaintiff   Greene
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
S. Robert Hammond, Jr.       601-450-4499
P. O. Box 471
Hattiesburg, MS 39403-0471

Attorneys (If Known)
Ford Bailey, Wells Marble & Hurst PLLC, 300 Concourse, Blvd., Suite 200, Ridgeland, MS 39157  601-605-6900

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Removal to federal court pursuant to 28 U.S.C. 1332 and 1441
Brief description of cause:
Suit for alleged bad faith denial of workers compensation claim.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):     JUDGE _____    DOCKET NUMBER _____

DATE   8/19/10

SIGNATURE OF ATTORNEY OF RECORD   Clifford K. (Ford) Bailey, III

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CLINTON WILLIAMS                                              PLAINTIFF

VS.                                    CIVIL ACTION NO. _____

LIBERTY MUTUAL INSURANCE COMPANY
AND JOHN DOES 1-5                                            DEFENDANTS

### NOTICE OF REMOVAL

COMES NOW Defendant Liberty Mutual Insurance Company (hereinafter referred
to as "Liberty" or "Defendant") and files its Notice of Removal, hereby removing this
action from the Circuit Court of Greene County, Mississippi, to the United States
District Court for the Southern District of Mississippi, Hattiesburg Division. In support
thereof Defendant would allege and show as follows:

1.      This is a civil action filed by Clinton Williams against Liberty and John
Does 1 - 5 in the Circuit Court of Greene County, Mississippi, bearing Civil Action No.
2010-136(1), seeking a recovery from Defendants in excess of Seventy-Five Thousand
and 00/100 ($75,000.00), as appears from the Plaintiff's Complaint.  Liberty was
served with process on July 23, 2010, and this case first became removable to this
Court at that time.

2.      This cause now pending against the Defendant is a suit of a civil nature
wherein the matter in controversy, exclusive of interest and costs, exceeds the sum
of $75,000.00, as appears from the Plaintiff's Complaint. Although the Plaintiff does
not specify a total demand in his Complaint, it is facially apparent from the allegations
of the Complaint and the nature of the claims asserted against Defendants under

Mississippi law, particularly the Plaintiff's claim for punitive damages, that the amount in controversy exceeds the amount required for diversity jurisdiction.

3. This action involves a controversy between citizens of different states, Defendant Liberty being a corporation created and existing pursuant to the laws of the State of Massachusetts, having its principal place of business in the City of Boston, Massachusetts; and the Plaintiff being a citizen of the State of Mississippi. Pursuant to 28 U.S.C. § 1441(a) the fictitious parties named in the Complaint as Defendants John Does 1- 5 should be disregarded for removal purposes. Diversity of citizenship existed between the Plaintiff and Defendant at the time this case was commenced by the Plaintiff and at the time of service of process herein.

4. The civil action filed by the Plaintiff in the Circuit Court of Greene County, Mississippi is one of which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. §1332. Therefore, this action may be removed to this Court by Liberty pursuant to the provisions of 28 U.S.C. §1441.

5. The United States District Court for the Southern District of Mississippi and the Hattiesburg Division of said Court are the District and Division embracing the place wherein the aforesaid state court action is pending.

6. This Notice of Removal is being filed pursuant to 28 U.S.C. §1446(b) within thirty days of the date the Complaint was served upon Defendant. Attached hereto as Exhibit "A" is a true and correct copy of all pleadings, processes with returns thereon, and orders and papers served on Defendant from which it may be ascertained

that this case is one which is or has become removable to this Court in full compliance with the laws of the United States. A true and correct certified copy of the entire state court file has been requested from the Circuit Clerk of Greene County, Mississippi and will be filed upon receipt by the undersigned counsel for Defendant.

7.     Defendant will give written notice of the filing of this Notice of Removal to the Plaintiff, and a true and correct copy of this Notice will be duly filed with the Clerk of the Circuit Court of Greene County, Mississippi, as required by 28 U.S.C. §1446(e).

WHEREFORE, Defendant requests this Court to proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Greene County, Mississippi, be hereby stayed.

This the 19th day of August, 2010.

Respectfully submitted,

LIBERTY MUTUAL INSURANCE COMPANY

By:_____
      Ford Bailey, MS Bar No. 1686
      One of Its Attorneys

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
Post Office Box 131
Jackson, Mississippi 39205-0131
300 Concourse Blvd., Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
fbailey@wellsmar.com

U:\FB\CKBP\P4270.wpd                        3

CERTIFICATE OF SERVICE

I, Ford Bailey, do hereby certify that I have this day caused a true and correct copy of the above and foregoing to be served by United States mail, postage prepaid, on the following:

Ms. Cecelia Bounds
Circuit Clerk
P. O. Box 310
Leakesville, MS 39451

CIRCUIT CLERK OF GREENE COUNTY,
MISSISSIPPI

S. Robert Hammond, Jr., Esq.
Post Office Box 471
Hattiesburg, MS  39403-0471

ATTORNEY FOR THE PLAINTIFF

This the 19th day of August, 2010.

_____
Ford Bailey

**IN THE CIRCUIT COURT OF GREENE COUNTY, MISSISSIPPI**

CLLINTON WILLIAMS                                                    PLAINTIFF

VERSUS                                                   CAUSE NO. 2010-136(1)

LIBERTY MUTUAL INSURANCE COMPANY
And JOHN DOES 1-5                                                 DEFENDANTS

## SUMMONS
### (Process Server)

THE STATE OF MISSISSIPPI

TO:   **LIBERTY MUTUAL INSURANCE COMPANY**
      **Through Its Agent of Process**
      **Charles A. Brewer**
      **506 South President Street**
      **Jackson, Mississippi 39201**

NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint, to
S. Robert Hammond, Jr., the attorney for the Plaintiff(s) whose address is Post Office Box 471,
Hattiesburg, Mississippi, 39403-0471.

Your response must be mailed or delivered within thirty (30) days form the date of
delivery of this Summons and Complaint or a Judgment by Default will be entered against you
for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a
reasonable time afterward.

Issued under my hand and the seal of said Court, this the 16th day of July, 2010.

CECELIA BOUNDS, CLERK
CIRCUIT COURT OF GREENE COUNTY, MS
POST OFFICE BOX 310
LEAKESVILLE, MISSISSIPPI 39451

By: _Clelisse Helms_
       DEPUTY CLERK


EXHIBIT
A
NOTICE OF REMOVAL

PROOF OF SERVICE – SUMMONS

(Process Server)

(Use Separate proof of service for each person served)

_____
        Name of Person or Entity Served

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.  By mailing (by first class mail, postage prepaid) copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

_____ PERSONAL SERVICE.  I personally delivered copies to _____ on the _____ day of _____, 2010, where I found said person in _____ county of the State of _____.

_____ RESIDENCE SERVICE.  After exercising reasonable diligence I was unable to deliver copies to said person within _____ county, _____.  I served the summons and complaint on the _____ day of _____, 2010, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____(here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint and thereafter on the _____ day of _____, 2010, I mailed, (By first class mail, postage prepaid ) copies to the person served at his or her usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.  (Attach signed return receipt or other evidence of actual delivery to the person served.)

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service $_____

Process server must list below:  (Please print or type)

Name _____

Address _____
_____
_____

Telephone No. _____

STATE OF _____

COUNTY OF _____

Personally   appeared   before   me   the   undersigned   authority   in   and   for   the   state   and   county   aforesaid,   the   within   named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
        Process Server (signature)

Sworn to and subscribed before me this the _____ day of _____, 2010.

(Seal)

_____
                NOTARY PUBLIC

2

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSISSIPPI

CLINTON WILLIAMS           **F I L E D**        PLAINTIFF

VERSUS         **JUL 16 2010**   CAUSE NO. 2010-136(1)

LIBERTY MUTUAL INSURANCE COMPANY
CECELIA BOUNDS, CIRCUIT CLERK
AND JOHN DOES 1-5     GREENE COUNTY, MISSISSIPPI   DEFENDANTS
BY:_____

## COMPLAINT

## JURY TRIAL DEMANDED

COMES NOW the Plaintiff, Clinton Williams, and files this his Complaint for damages against the Defendants Liberty Mutual Insurance Company and John Does 1-5 and states as follows:

1.

The Plaintiff, Clinton D. Williams, is an adult resident citizen of Leakesville, Greene County, Mississippi.

2.

The Defendant, Liberty Mutual Insurance Company is an insurance company licensed to conduct insurance business in the state of Mississippi and may be served with process through its registered agent Charles A. Brewer, 506 South President Street, Jackson, MS 39201.

3.

John Does 1-5 are individuals and/or entities whose identities are currently unknown who may be liable, in whole or in part, to the Plaintiff for the claims, causes of action and/or damages alleged herein.

4.

This Court has both subject matter jurisdiction and personal jurisdiction over the parties, and venue is proper in this Court pursuant to MISS. CODE ANN. § 11-11-3.

5.

On or about September 12, 2005, the Plaintiff, while in the employ of Steve Tanner, individually and/or d/b/a Steven Tanner Services (hereinafter collectively "Tanner"), was working at Pat Peck Motors in Gulfport, Harrison County, Mississippi when he fell over 15 feet from the roof of said facility, suffering severe injuries to both feet, as well as other injuries.

6.

Tanner was present when Mr. Williams' accident occurred, personally witnessed the severity of Mr. Williams' injuries and was put on notice of Mr. Williams' accident and injuries on September 12, 2005.

7.

At the time of Mr. Williams' on-the-job accident referenced herein, Tanner had a policy of insurance with Liberty Mutual Insurance Company ("Liberty Mutual") providing workers' compensation coverage for Mr. Williams.

8.

On or before September 23, 2005, Liberty Mutual was put on notice of the Mr. Williams' claim for workers' compensation benefits under Tanner's policy of insurance pursuant to the Mississippi Workers' Compensation Act.

9.

After over three (3) months passed since putting Tanner and Liberty Mutual on notice of his claim for workers' compensation benefits under the Liberty Mutual policy and not receiving any workers' compensation benefits as required by the Mississippi Workers' Compensation Act

2

("MWCA") from either Tanner or Liberty Mutual, Mr. Williams filed his Petition to Controvert with the Mississippi Workers' Compensation Commission on November 30, 2005.

10.

On January 25, 2006, Liberty Mutual filed its Answer to Mr. Williams' Petition to Controvert admitting that Mr. Williams suffered an injury as alleged in his Petition to Controvert, but specifically denying that it was subject to the MWCA, that it had coverage for Mr. Williams' claim, and moving to dismiss the Petition to Controvert against it.

11.

On March 21, 2006, Tanner filed his Answer to Mr. Williams' Petition to Controvert admitting that Mr. Williams suffered an injury as alleged in his Petition to Controvert, but denying he was the employer of the Plaintiff, denying that Mr. Williams' injury arose out of the course and scope of his employment with Tanner, denying that notice of Mr. Williams' injury was received and specifically stating that "Steven Tanner has no knowledge of the claimant's injury because claimant was not its employee" and "Claimant was not an employee of this employer".

12.

On or about May 17, 2006, Liberty Mutual and Tanner both admitted that Mr. Williams was indeed an employee of Tanner at the time of the accident at issue, that the accident occurred within the course and scope of Mr. Williams' employment with Tanner, that Tanner's policy with Liberty Mutual provided coverage for workers' compensation benefits owed to Mr. Williams for his injuries suffered on September 12, 2005, that it was responsible for paying Mr. Williams' medical expenses associated with the treatment he received as a result of the injuries, and that it was responsible for payment of temporary total disability payments to Mr. Williams from the date of his injury.

3

13.

On June 1, 2006, Liberty Mutual amended its answer to the Petition to Controvert and admitted Mr. Williams was an employee of Tanner, that Mr. Williams was injured in the course and scope of his employment with Tanner, that it was subject to the MWCA, and that its policy provided coverage for Mr. Williams' claim for workers' compensation benefits.

14.

From September 12, 2005 to May 17, 2006, both Liberty Mutual and Tanner each refused to pay Mr. Williams workers' compensation benefits he was rightfully owed under the MWCA, and which Liberty Mutual and Tanner have since admitted they owe the Plaintiff.

15.

On February 1, 2007, the Mississippi Workers Compensation Commission entered an Order holding that Tanner and Liberty Mutual owed Mr. Williams' workers compensation benefits under the MWCA, and also ordered that penalties and interest be paid to Mr. Williams from the due date of each installment of such benefits until paid.  To date, the Defendants have not paid any penalties and interest on the delinquent installment payments to Mr. Williams.

16.

On March 3, 2010, the Mississippi Workers' Compensation Commission entered an Order holding, among other findings, that Mr. Williams' injuries set forth herein were suffered in the course and scope of his employment and determined he was owed benefits by the Defendants under the Mississippi Workers' Compensation Act. (*See* **Exhibit "A"** hereto).

4

17.

The Defendants refused to pay Mr. Williams' workers' compensation benefits he was owed under the MWCA without any justifiable reason, thus their conduct amounts to bad faith under Mississippi law. The Defendants' refusal to pay Mr. Williams' workers' compensation benefits pursuant to the MWCA was malicious, intentional, reckless and/or grossly negligent and undertaken with callous disregard of the rights of Mr. Williams and of their duties and obligations to Mr. Williams as provided by the MWCA.

18.

The Defendants have breached their duties and obligations to Mr. Williams as provided by the MWCA and per the terms and conditions of the policy of insurance at issue in the following ways:

a.  The Defendants negligently and intentionally failed to properly and timely handle, investigate, adjust and pay Mr. Williams' claims;

b.  The Defendants negligently and intentionally stalled and delayed the review and payment of Mr. Williams' claims;

c.  The Defendants failed to fully investigate the facts and circumstances of Mr. Williams' claim, including but not limited to the facts and circumstances of Mr. Williams' accident and his employment relationship with Tanner, thereby refusing to pay Mr. Williams' workers' compensation benefits he was owed under the MWCA for over eight (8) months;

d.  The Defendants utilized their position of superiority and influence over Mr. Williams by offering to pay Mr. Williams workers' compensation benefits they were legally

5

obligated to pay him under the Alabama Workers' Compensation Act if he agreed to "drop" his claims for benefits under the MWCA, his outrage claim in the Alabama action and his claims under Mississippi law in this action; and

e.   Other intentional and negligent acts regarding the handling of Mr. Williams claims for workers' compensation benefits that will be shown at trial.

19.

The acts and omissions of the Defendants set forth herein constitute a breach of their duty of good faith and fair dealing, fraud and negligent misrepresentation.

20.

The acts and omissions of the Defendants set forth herein were grossly negligent and indicate a reckless disregard for the rights of Mr. Williams as well as the Defendants' duties and obligations owed to Mr. Williams under the MWCA.

21.

The acts and omissions of the Defendants set forth herein constitute the separate and independent tort of bad faith, for which Mr. Williams is seeking extra-contractual damages, punitive damages and all other damages allowed by law.

22.

The acts and omissions of the Defendants set forth herein resulted in the prolonging of Mr. Williams' recovery time from the injuries he sustained in the accident at issue, causing him unnecessary pain and suffering for which recovery is sought in this action.

6

23.

The acts and omissions of the Defendants set forth herein caused Mr. Williams to suffer emotional distress, stress, anguish, worry, anxiety, inconvenience, embarrassment and other compensatory and consequential damages, for which recovery is sought in this cause.

WHEREFORE, PREMISES CONSIDERED, Clinton Williams request and demand judgment of and from the Defendants, Liberty Mutual Insurance Company and John Does 1-5, jointly and severally, for all actual and compensatory damages incurred, in an amount exceeding $75,000.00 excluding interest, costs and attorneys' fees, including but not limited to damages for pain and suffering due to the increase of his recovery time from his injuries due to the Defendants' failure to provide medical care and for emotional distress, stress, worry, anxiety, mental anguish, inconvenience and aggravation, for damages for the bad faith of the Defendants, including but not limited to all extra-contractual and punitive damages, and for any other damages allowable under the law, pre-judgment interest, post-judgment interest and all costs, including attorneys fees. Mr. Williams further prays for any additional relief that may be allowable and recoverable at law or in equity, as well as any other relief the Court or a jury may deem appropriate.

RESPECTFULLY SUBMITTED, this the 14th day of July, 2010.

CLINTON WILLIAMS

By: _____
S. ROBERT HAMMOND, JR.

S. ROBERT HAMMOND, JR. (MSB #3004)
S. Robert Hammond, Jr., PLLC
P.O. Box 471
Hattiesburg, MS 39403-0471
601-450-4499
601-450-1162 (fax)

7

## MISSISSIPPI WORKERS' COMPENSATION COMMISSION

CLINTON D. WILLIAMS                                    CLAIMANT

v.                                         MWCC NO.: 0512926-j-4126-C

STEVEN TANNER SERVICES, INC                            EMPLOYER
and M.W. ROGERS CONSTRUCTION
COMPANY, LLC

LIBERTY MUTUAL                                           CARRIER

### ORDER APPROVING SETTLEMENT

THIS CAUSE having come on this day to be heard before the Commission on the

Petition of Clinton Williams asking for authority to settle his workers' compensation claim under

provisions of Section 9(i) of the Mississippi Workers' Compensation Law, said Petition having

been joined and approved by Petitioner's attorney, S. Robert Hammond, Jr., Esq., and also joined

and approved by Employer and Carrier, the Commission, after being fully advised in the

premises, finds that Petitioner herein was on or about September 12, 2005, employed by Steven

Tanner d/b/a Steven Tanner Services and that on or about said date, while in the course of his

employment with Steven Tanner d/b/a Steven Tanner Services, while performing repairs at the

Pat Peck Nissan in Biloxi, Mississippi, he sustained accidental injuries, including but not limited

to injuries to both feet and a separation of his shoulder. The Commission further finds notice of

the claim for the accidental injuries asserted by Petitioner was provided to Employer and Carrier

in accordance with the requirements of the Mississippi Workers' Compensation Law.

The Commission further finds that Petitioner thereafter received professional services

from Garden Park Medical Center, Mobile Infirmary Hospital, Dr. William Parks, Dr.

Christopher Nichols, among others, and that it is the contention of the Petitioner that as a result

of his employment with Employer, he sustained injuries, disabilities, loss of wage-earning



capacity and/or industrial loss.  The Commission further finds that Petitioner reached maximum

medical improvement on December 10, 2007 with impairment rating of 18% to the right lower

extremity and 20% to the left lower extremity and claims of diminished earning capacity.

The Commission further finds Employer and Carrier have paid Fifteen Thousand Six

Hundred and Sixty-Six and 95/100 Dollars ($15,666.95) in compensation to Petitioner, and the

sum of Two Hundred Fifty-Five Thousand, Two Hundred Twenty-Two and 93/100 Dollars

($255,222.93) in medical compensation on behalf of Petitioner, for a total sum of Two Hundred

Seventy Thousand, Eight Hundred Eighty-Nine and 88/100 Dollars ($270,889.88).

The Commission further finds that the Petitioner represents and acknowledges that he has

not received any Medicaid benefits for his alleged injury and states specifically that any

Medicaid benefits which may have been paid on his behalf concern medical problems totally

unrelated to the injuries for which claim has been made herein.

The Commission finds that there is a bona fide, legitimate dispute between Petitioner and

his attorney on the one hand, and Employer and Carrier on the other hand, as to the Petitioner's

average weekly wage, the nature and extend of disability, loss of wage-earning capacity and/or

industrial loss, as a result of his job-related accidental injury, but notwithstanding these disputes,

Employer and Carrier have offered and proposed to pay to Petitioner the sum of One Hundred

Twenty-Eight Thousand, Two Hundred Ninety-Four and 00/100 Dollars ($128,294.00), which

amount includes funding of a self-administered Medicare Set-Aside in the amount of $41,885.00,

payment of said sum, is a complete and final settlement of any and all claims whether known or

unknown, and including, but not limited to, claims for medical which Petitioner may now or

hereafter have under provisions of the Mississippi Workers' Compensation Law arising out of or

in any way associated with his employment with Steven Tanner d/b/a Steven Tanner Services on

and prior to the date hereof, with the exception of Clinton Williams' claims of bad faith under Mississippi law and outrage under Alabama law against Liberty Mutual Insurance Company. It is the specific intent and agreement of the parties that any and all claims of Clinton Williams for bad faith under Mississippi law and for outrage under Alabama law are not released, are not part of this settlement, are not subject to any terms and conditions of this settlement and that Clinton Williams intends to continue pursuit of his claims for bad faith under Mississippi law and for outrage under Alabama law against Liberty Mutual Insurance Company.

The Commission further finds that S. Robert Hammond, Jr., Esq., attorney representing Petitioner, has recommended this be approved, and that Petitioner, himself, has asked that it be approved, and that based on the facts of this claim and considering the disputed nature of such facts, disputed amount of the Petitioner's average weekly wage and disputed disability respecting this claim, and also considering that Petitioner would nonetheless receive substantial benefits respecting this claim if the settlement be approved, the offered settlement as to work related injury claims is fair and reasonable under the circumstances. The Commission further finds that given the disputed and unliquidated nature of this claim, it would be to the Petitioner's best interest that he be authorized and empowered to make said settlement, that said settlement is just, fair, and proper, that said settlement payment would become a sum certain without discount, that the attorneys for the Petitioner have incurred expenses in the amount of $12,282.56 in the prosecution of this claim and should be reimbursed for these expenses incurred from the proceeds of this settlement, and that attorney's fees in the amount of $17,281.81, representing fees paid on one-half of the indemnity portion of the settlement, $86,409.00, at a rate of 15% pursuant to Alabama law and on one-half of the indemnity settlement at a rate of 25% pursuant to Mississippi law, of the sum to be received by Petitioner if this settlement be approved, agreed

to be paid to him is in accordance with the Mississippi Workers' Compensation Commission. It is, therefore,

ORDERED AND ADJUDGED that Clinton Williams be, and he is hereby authorized and empowered to settle his claim against Steven Tanner d/b/a Steven Tanner Services, Employer and Liberty Mutual Insurance Company, Carrier, at and for the sum of One Hundred Twenty-Eight Thousand, Two Hundred Ninety-Four and 00/100 Dollars ($128,294.00), which includes a Medicare Set-Aside amount of Forty-One Thousand Eight Hundred Eighty Five and 00/100 Dollars ($41,885.00), said sum, complete and final settlement of any and all claims whether known or unknown, and including, but not limited to, claims for medical, that he may now or hereafter have under provisions of the Mississippi Workers' Compensation Law against Steven Tanner d/b/a Steven Tanner Services, Employer and Liberty Mutual Insurance Company, Carrier, and either of them because of or in any way connected with his employment with Steven Tanner d/b/a Steven Tanner Services on and prior to the date hereof, with the exception of Clinton Williams claims of bad faith under Mississippi law and outrage under Alabama law against Liberty Mutual Insurance Company, as it is the specific intent and agreement of the parties that any and all claims of Clinton Williams for bad faith under Mississippi law and for outrage under Alabama law are not released, are not part of this settlement, are not subject to any terms and conditions of this settlement and that Clinton Williams intends to continue pursuit of his claims for bad faith under Mississippi law and for outrage under Alabama law against Liberty Mutual Insurance Company, and that upon payment to Clinton Williams of the sum of One Hundred Twenty-Eight Thousand, Two Hundred Ninety-Four and 00/100 Dollars ($128,294.00), which includes a Medicare Set-Aside amount of Forty-One Thousand Eight Hundred Eighty Five and 00/100 Dollars ($41,885.00), Steven Tanner d/b/a Steven Tanner Services, Employer, and

Liberty Mutual Insurance Company, Carrier, shall stand forever fully discharged and acquitted of and from any and all claims including, but not limited to, claims for medical, that he may now or hereafter have against them jointly and severally because of or in any way connected with his employment with Steven Tanner d/b/a Steven Tanner Services on and prior to the date hereof, with the exception of Clinton Williams claims of bad faith under Mississippi law and outrage under Alabama law against Liberty Mutual Insurance Company, as it is the specific intent and agreement of the parties that any and all claims of Clinton Williams for bad faith under Mississippi law and for outrage under Alabama law are not released, are not part of this settlement, are not subject to any terms and conditions of this settlement and that Clinton Williams intends to continue pursuit of his claims for bad faith under Mississippi law and for outrage under Alabama law against Liberty Mutual Insurance Company and the same is hereby approved.

IT IS FURTHER ORDERED AND ADJUDGED that Petitioner is authorized to pay unto his attorneys the sum of $12,282.56 from the proceeds of the settlement remaining after the Medicare Set-Aside is funded, or $86,409.00, for expenses incurred in prosecuting this claim and is further authorized to pay his attorney, S. Robert Hammond, Jr., the sum of $17,281.81, out of the remaining proceeds from said settlement.

IT IS FURTHER ORDERED AND ADJUDGED that Petitioner is hereby authorized and empowered to execute any releases, receipts, and other instruments required by Employer and Carrier to evidence their complete release, acquittance, and discharge herein, with the exception of the Petitioner's claims for bad faith under Mississippi law and outrage under Alabama law against Liberty Mutual Insurance Company as described in more detail herein.

SO ORDERED AND ADJUDGED, this 3ʳᵈ day of March, 2010.



ATTEST:

*Phyllis C. Clark*

_____

**Phyllis C. Clark, Secretary**

MWCC NO. 101782

THIS ORDER PREPARED BY:

REGINA F. CASH
CARR, ALLISON, P.C.
Attorneys at Law
6251 Monroe Street Suite 200
Daphne, Alabama 36526
Telephone: (251) 626-9340
Facsimile: (251) 626-8928
Attorney for Employer and Carrier

AGREED AND APPROVED:

_____

Clinton Williams, Claimant

_____

S. Robert Hammond, Jr. (MSB #3004)
Attorney for Claimant

MISSISSIPPI WORKERS' COMPENSATION
COMMISSION

BY: _____

COMMISSIONER

_____
COMMISSIONER

*Augustus L. Collins*

COMMISSIONER

0. /2010 FRI 14:23 FAX 6012645660 ☑003/003

MISSISSIPPI WORKERS' COMPENSATION
COMMISSION

BY: _____
COMMISSIONER

_____
COMMISSIONER

_____
COMMISSIONER

MWCC NO. 101782

THIS ORDER PREPARED BY:

REGINA F. CASH, Esq.
CARR, ALLISON, P.C.
Attorneys at Law
6251 Monroe Street Suite 200
Daphne, Alabama 36526
Telephone: (251) 626-9340
Facsimile: (251) 626-8928
Attorney for Employer and Carrier

AGREED AND APPROVED:

_____
Clinton Williams, Claimant

_____
S. Robert Hammond, Jr. (MSB #3004)
Attorney for Claimant

Williams vs Liberty Mutual

# CIVIL CASE DISPOSITION REPORT

IN THE _____ COURT OF _____ COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No. 2010 - 136 _____ 1 _____   Docket No. If Filed
File Yr.    Chronological No.    Clerk's Local ID    Prior to 1/1/94 _____

Dispositive of all Parties? _____ Yes _____ No, only the following Party(ies) _____

_____

_____ No, only the following Attorney(s) _____
Name _____ Bar No.

Enter Ruling Judge Bar No. _____ OR Ruling Judge Name _____

Date of Disposition 08 / 20 / 10
Month  Day  Year

Action: _____ Ruling on Motion _____ Ex Parte _____ Temporary Hearing
_____ Contempt/Modification _____ Settlement Conference _____ Pre-Trial Conference
✓ Case Administration _____ Discovery other than Motion _____ Bench Trial
_____ Jury Trial _____ Mediation Ordered

Damages Awarded: Compensatory: $_____ Punitive: $_____
(List Amount or Range Letter):

Range A = 1¢-$500   Range B = $501-1,000   Range C = $1,001-10,000   Range D = $10,001-50,000   Range E = $50,001-100,000
Range F = $100,000-500,000   Range G = $500,000-1,000,000   Range H = $1,000,000+   Range 0 = -0-

Method of Disposition:

_____ Default Judgment _____ Final Judgment/Decree _____ Bankruptcy Discharged
_____ Summary Judgment _____ Judgment by Stipulation _____ Estate Closed
_____ Dismissed without Prejudice _____ Agreed Judgment _____ Fiduciary Appointed
_____ Dismissed with Prejudice _____ Orig. Judgment Modified _____ Guardian/Conservatorship Appointed
_____ Dismissed, Lack of Prosec. _____ Vacating Previous Ruling _____ Protective Order (Check If Domestic Violence(__)
_____ Dismissed by Agreement _____ New Trial Granted _____ Commitment
_____ Change of Venue _____ Foreign Judgment Closed _____ Garnishment Issued
_____ Transferred _____ Satisfaction of Judgment _____ Garnishment Abeyance Order Issued
✓ Removed to Fed. Court _____ Drivers License Reins./Hard. _____ Garnishment Canceled: Bankruptcy
_____ Writ Issued _____ Canceled _____ Letters Rogatory
_____ Affirmed on Appeal _____ Order of Mediation _____ Case Consolidation
_____ Not Entered Yet _____ Other(list)_____

**Was Child Support ordered in the disposition of the current matter?** _____ Yes _____ No
If "Yes" was checked, make sure that Child Support Information Sheet was completed and submitted with the Civil Case Filing Form.