IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CLINTON WILLIAMS**                                                                     **PLAINTIFF**

**v.**                                                      **Civil Action No. 2:10cv205-KS-MTP**

**LIBERTY MUTUAL INSURANCE CO.**                                     **DEFENDANT**

**ORDER**

THIS MATTER is before court on the Plaintiff's Motion [30] to Compel Discovery and the Defendant's Unopposed Motion for Leave to Take Depositions After Discovery Deadline [41]. Having considered the submissions of the parties and the applicable law, the court finds that the motions should be denied.

The Case Management Conference in this matter was held on October 20, 2010, and the court, with the participation of all parties, set the discovery deadline for May 2, 2011. *See* Case Management Order [6]. Although a liberal discovery period was allowed, the court subsequently extended the discovery deadline to June 15, 2011. *See* Amended Case Management Order [25].

Local Rule 26(b) provides that discovery requests must be propounded sufficiently in advance of the discovery deadline so that all responses will be due and all depositions concluded by the discovery deadline. *See* L.U.Civ. R. 26(b); *see also Barnett v. Tree House Café, Inc.*, No. 5:05-cv-195-DCB-JMR, 2006 WL 3083757, at *2 (S.D. Miss. Oct. 27, 2006). Moreover, discovery motions must be filed "sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." L.U. Civ. R. 7(b)(2)(B); *see also Applewhite v. United States*, No. 3:07-cv-162-WHB-LRA, 2008 WL 4539625, at *1 (S.D. Miss. Oct. 07, 2008) (denying motion to compel as untimely under Local Rule 7.2(B)(2)); *Seiferth v. Helicopteros Atuneros*, No.

4:03CV463-P-B, 2008 WL 5234416, at *1 (N.D. Miss. Dec. 12, 2008).

On May 24, 2011, Plaintiff filed his Motion to Compel [30], seeking the production of documents and supplemental responses to certain discovery requests. Specifically, Plaintiff's motion seeks supplemental responses to ten interrogatories (Interrogatory Nos. 1, 3, 4, 8-10, 12, 13, 17, and 20) and seeks supplemental document production in response to eleven document requests (Request Nos. 3, 10, 14-16, 18-21, 23, and 25). Defendant Liberty Mutual Insurance Company filed its Response [40] to the motion on June 10, 2011, and Plaintiff filed his Rebuttal [43] on June 22, 2011.

Plaintiff's Motion to Compel [30] should be denied as it fails to comply with Local Rule 7(b)(2)(B). Plaintiff's untimely filing of the motion did not allow for the briefing to be complete prior to the extended discovery deadline of June 15, 2011, and certainly did not allow ample time for the court to rule on the motion and the parties to effectuate the court's order prior to the discovery deadline. L.U. Civ. R. 7(b)(2)(B). For this reason, the motion should be denied.

The court also notes that this is not an instance where the parties were unable to resolve one or two issues despite their good faith attempts. To the contrary, the parties are arguing over more than twenty discovery requests, although the Defendant did indicate in its response that it believed that a few of the twenty-one disputes may be resolved.

Moreover, in its Unopposed Motion for Leave to Take Depositions After Discovery Deadline [41], the Defendant requests leave to take the depositions of Plaintiff and his wife, Plaintiff's attorney in the underlying workers' compensation cases, and Plaintiff's experts, and Plaintiff seeks leave to take the deposition of Defendant's expert after the discovery deadline. Allowing the parties to take these significant depositions after the extended discovery deadline and considering the merits of the untimely motion to compel would render the case management

process meaningless as well as Local Rule 7(b)(2)(B). The parties have had two discovery deadlines with plenty of time to complete discovery. The current motions place in issue more discovery than is conducted in many cases and all at or near the extended discovery deadline. The parties' late efforts to conduct basic discovery and in bringing numerous and voluminous discovery disputes to the court after the deadline will not be rewarded. Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Plaintiff's Motion [30] to Compel Discovery is DENIED.

2. That Defendant's Unopposed Motion for Leave to Take Depositions After Discovery Deadline [41] is DENIED.

SO ORDERED this the 24th day of June, 2011.

s/ Michael T. Parker
United States Magistrate Judge
